UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**  U.S. Post Office & Courthouse Bldg.
United States Magistrate Judge  Federal Square, Newark, NJ 07101
 (973) 645-6596

November 7, 2007

**LETTER OPINION & ORDER**

Curtis Thrower, pro se
#509130  405638B
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

**RE: Curtis Thrower v. New Jersey Department of Corrections, et al.
Civil Action No. 07-3434 (FSH)**

Dear Litigants:

The Court is in receipt of plaintiff Curtis Thrower's request for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1), filed October 4, 2007. For the reasons set forth below, the plaintiff's request is denied.

BACKGROUND

On July 23, 2007, plaintiff submitted a Complaint with an application to proceed in forma pauperis ("IFP"). Plaintiff alleged that defendants violated his rights under the First, Eighth and Fourteenth Amendments. See Compl. at ¶ 4. Specifically, he asserted that he was subjected to cruel and unusual punishment when he was committed to segregated confinement in a psychiatric facility and forced to take medications against his will. Id. Plaintiff alleges he was unable to submit a urine sample because his medications caused urine retention, see Opinion dated September 6, 2007, and prison officials interpreted his inability to produce a urine sample as a refusal to submit to testing, which resulted in him being charged with a violation of the prison rules and resulted in ninety days of segregated confinement. Id. at 2. The Complaint further alleges that after learning of the upcoming confinement, plaintiff's fear and depression caused him to stop eating, sleeping and taking his medications. Id. at 3. Prison officials considered his

1

actions potentially suicidal and transferred him for five days to a psychiatric facility in a "cold cell . . . with nothing, no clothes, bedding, soap, or anything." Id.  Subsequently, he was returned to his original place of confinement and resumed taking medications under threat that refusal would result in denial of early release.  Id.

On September 6, 2007, Judge Hochberg dismissed the plaintiff's Fourteenth Amendment and First Amendment claims, as well as Plaintiff's Eighth Amendment claims based on Plaintiff's confinement at a psychiatric facility and current conditions of confinement for failure to state a claim upon which relief may be granted.  Id. at 20.  Judge Hochberg ordered that only plaintiff's Eighth Amendment claim based on involuntary consumption of medication could proceed and granted plaintiff's application to file such a claim without paying the filing fee.  Id. at 1 and 21.

On October 4, 2007 plaintiff submitted an application for appointment of pro bono counsel.  The plaintiff asserts that he needs a lawyer appointed to represent him because: (1) he has very limited legal knowledge; (2) the issues are complex and require the expertise of professional counsel; (3) factual investigation would be required that he would not be able to pursue; (4 ) expert testimony will likely be required; (5) he is unfamiliar with the rules of evidence and discovery; (6) there are multiple defendants; and (7) he is indigent.

## DISCUSSION

In considering an application for appointment of pro bono counsel, the Court must first determine if the plaintiff's claim has some "merit in fact and law," Montgomery v. Pinchak, 24 F.3d 492, 499 (3d Cir. 2002).  If the claim meets this threshold requirement, then the Court is next obligated to consider the following non-exhaustive list of factors:

> (1) the plaintiff's ability to present his case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue an investigation;
> (4) the extent to which a case is likely to turn on credibility determinations;
> (5) whether the case will require testimony from expert witnesses; and
> (6) the plaintiff's capacity to retain counsel on his own behalf.

Tabron v. Grace, 6 F.3d 147, 156-57 (3d Cir. 1993).  The decision to appoint counsel "must be made on a case-by-case basis."  Id.  The Court will assume for the purposes of this application that the plaintiff's claims have merit and will review each Tabron factor to determine if appointed counsel is warranted.

In applying the Tabron factors, the Court first considers whether the plaintiff has the ability to present his case.  Courts consider the plaintiff's education, literacy, prior work

experience, prior litigation experience,[1] and the restraints placed upon the plaintiff by virtue of his confinement.  Id. at 156.  This also includes consideration of the availability of equipment such as typewriters, photocopiers, telephones and computers.  Id.   Additionally, the Court may find that "[t]he ability to file and respond to motions indicate[s] that a plaintiff has some legal knowledge and is literate."  Montgomery, 294 F.3d at 501.  In the instant case, the plaintiff has shown that he has the ability to file motions and his submissions indicate that he is literate. He has competently articulated his arguments and requests for relief.  For example, he has shown the ability to successfully submit several documents, including an IFP application and a statement of claims.  Thus, the first factor weighs against appointment of counsel because plaintiff has shown that he can adequately express himself and has the ability to meet the requirements necessary for proceeding with his claim.

Second, the plaintiff's case does not present complex legal issues.  The Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  Tabron, 6 F.3d at 156 (citing to Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). The plaintiff's claims arise out of a well-developed body of law.  Further, the plaintiff's factual allegations are straightforward.  Like Tabron, where a plaintiff brought a §1983 claim against prison officials, the "legal issues in the case do not appear to be complex, and the applicable law is clear."  Tabron, 6 F.3d at 158.  Thus, as in Tabron, the plaintiff's claims here do not present complex legal issues.  Relatedly, the fact that there many attorneys on the other side does not support appointing counsel.  First, plaintiff chose who to sue and each is entitled to retain counsel if they so choose.  Second, to allow the number of defense attorneys on the other side to serve as a reason to appoint counsel could mean that cases with more complex issues involving one adversary may be deprived of counsel simply based on the limited number of alleged wrongdoers.  Therefore, the plaintiff's case does not involve the level of complexity that requires representation by a lawyer.  Accordingly, the second factor weighs against appointment of counsel.

Third, although the plaintiff is incarcerated, plaintiff has not described any particular challenges to his ability to conduct discovery.  He is able to conduct his fact investigation using the discovery tools made available to him under the Federal Rules of Civil Procedure.  Tabron, 6 F.3d at 156 (citing Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981) (stating "[t]he court may...consider the extent to which prisoners and other suffering confinement may face problems in pursuing their claim [such as] where the claims are likely to require extensive discovery and compliance with complex discovery rules.")).  While plaintiff states that he is unfamiliar with the rules of discovery and evidence, a reading of the rules and court orders will provide the information he needs. Therefore, based upon the present record, the third factor weighs against appointment of counsel.

---

[1]The Court notes that plaintiff filed a lawsuit in February, 2005 and proceeded without Counsel until March, 2006.  See Thrower v.  Farrante, Civ. No. 05-1162.  This shows plaintiff is not new to federal civil litigation.

Fourth, the Court needs to determine whether the case will likely turn on credibility determinations. The Third Circuit has observed that "[w]hen considering this factor, courts should determine whether the case was solely a swearing contest." See Parham v. Johnson, 126 F.3d 454, 460 (3d Cir. 1997); see also Tabron, 6 F.3d at 158 (explaining that when several witnesses dispute relevant facts, the case involves credibility determinations). The degree to which this case will only involve conflicting testimony of witnesses is not yet clear. See Maclin, 650 F. 2d at 888 (explaining that appointment of counsel may be warranted where the only evidence presented to the factfinder consists of conflicting testimony). Here, the plaintiff is alleging that the prison officials and medical personnel forced him to consume medications against his will. While it appears that the case will be based on conflicting statements over relevant facts, it is not yet apparent whether this case will be a swearing contest. See Pusey v. Green, Civ. No. 02-351, 2003 WL 105480, at *3 (D.Del. Jan. 7, 2003) (declining to appoint counsel where it was unclear at that stage in the litigation whether the case would turn on credibility determinations). Accordingly, the fourth factor does not warrant appointment of counsel.

Fifth, the Court must determine whether the case will require testimony from expert witnesses. Here, the plaintiff alleges he is involuntarily consuming medications. Plaintiff's complaint is silent as to what medications he is being forced to consume and for what illness, if any, he is being treated. Further, it is unclear from plaintiff's complaint what side effects or injuries have resulted from the alleged forced consumption of medications. In Montgomery, the Court held "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person." Montgomery, 294 F.3d at 504. In the instant case, the plaintiff has not set forth what his injuries are or why an expert witness is necessary. Furthermore, it is not clear yet whether plaintiff's injuries will be apparent to a lay person or whether expert testimony would be necessary. Therefore, the fifth factor weighs against appointment of counsel at this time.

Sixth, the Court must consider the ability of the plaintiff to obtain counsel. Here, the plaintiff states that he cannot afford to retain counsel because he is indigent. The plaintiff's inability to afford counsel alone, however, is an insufficient reason to appoint counsel. Although indigence is a prerequisite for appointment of counsel, it does not alone warrant the appointment of counsel without satisfying the other Tabron factors. See Montgomery, 294 F.3d at 505; Parham, 126 F.3d at 461. Thus, plaintiff's undisputed inability to afford to pay for counsel alone is an insufficient basis to appoint counsel.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's application for the appointment of pro bono counsel.

**SO ORDERED.**

s/Patty Shwartz
United States Magistrate Judge

4